**Abatement Order filed March 21, 2019.**



In The

# Fourteenth Court of Appeals

## No. 14-17-00878-CR
## No. 14-17-00879-CR

## KRISTI RHODES DELAGARZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court No. 2
Galveston County, Texas
Trial Court Cause Nos. MD-0365735 and MD-0365736**

## A B A T E M E N T   O R D E R

In cause number 14-17-00878-CR, trial court cause number MD-0365736, appellant Kristi Rhodes de la Garza was convicted by a jury of driving while intoxicated and the jury found that appellant had a prior conviction for the same offense. In cause number 14-17-00879-CR, trial court cause number MD-0365735, appellant was convicted by a jury of possession of less than 28 grams of a controlled substance in Penalty Group 3.

Appellant's first appointed counsel James M. Bennett filed a brief on March 30, 2018 in which he raised a single issue related to appellant's conviction for driving while intoxicated. Bennett did not raise a separate issue challenging appellant's conviction for possession of less than 28 grams of a controlled substance in Penalty Group 3 in cause number 14-17-00879-CR.

We advised the parties on July 24, 2018 that the failure to raise any issues regarding one of appellant's convictions without following the procedures of *Anders v. California*, 386 U.S. 738, 742–44 (1967), deprived appellant of effective assistance of counsel. We ordered Bennett to file an amended brief in compliance with the appellate rules and the *Anders* procedure by August 23, 2018.

Because Bennett neither filed an amended brief nor responded to our notice that the amended brief was past due, we abated the case on September 18, 2018, and ordered the trial court to conduct a hearing to determine whether appellant desires to prosecute her appeals, whether she is indigent, the reason for the failure to file an amended brief, and a date certain when appellant's amended brief would be filed. Bennett failed to appear at the hearing on October 3, 2018.

The trial court determined that appellant remains indigent and desires to prosecute appeals from both convictions. The trial court accordingly removed Bennett from the case, and on October 8, 2018, appointed Zachary S. Maloney to represent appellant.

On October 25, 2018, we reinstated these consolidated appeals on the Court's active docket and ordered appellant's counsel Zachary S. Maloney to file in this Court, on or before November 26, 2018, "an amended brief complying with the appellate rules and the *Anders* procedure and addressing both of appellant's convictions."

On November 29, 2018, we granted Maloney's motion to extend time to file the amended brief.

On January 3, 2019, we granted Maloney's second motion to extend time to file the amended brief and informed him that no further extensions would be granted absent exceptional circumstances.

On February 1, 2019, we notified Maloney that he had failed to sign the amended brief as required by Texas Rule of Appellate Procedure 9.1(a).

On February 4, 2019, Maloney resubmitted the amended brief.

We advised the parties on February 12, 2019, that the amended brief failed to comply with our order of October 25, 2018, requiring appellant's counsel Zachary S. Maloney to file "an amended brief complying with the appellate rules and the *Anders* procedure and addressing both of appellant's convictions." Maloney's failure to raise any issues addressing appellant's conviction for possession of less than 28 grams of a controlled substance in Penalty Group 3 without following the *Anders* procedures deprives appellant of effective assistance of counsel. We ordered Maloney to file an amended brief by February 27, 2019. Maloney neither filed an amended brief as ordered nor responded to our notice that the brief was past due.

Pursuant to Texas Rule of Appellate Procedure 38.8(b) (a copy of which is attached), the judge of County Court at Law No. 2 shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute her appeals; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeals or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeals, a date certain when appellant's brief,

**which shall address appellant's convictions both in trial court cause number MD-0365736 and in trial court cause number MD-0365735,** will be filed in this consolidation of appellate cause numbers 14-17-00878-CR and 14-17-00879-CR; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **April 22, 2019**.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeals filed by either party, or the Court may reinstate the appeals on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Spain.

# RULE 38. REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b)    *Criminal Cases*.

(1)    Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2)    Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3)    Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4)    Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.